**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CMC GH SISAK D.O.O. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1357 |
| | ) | |
| v. | ) | |
| | ) | |
| PTC GROUP HOLDINGS CORP, and PTC | ) | |
| SEAMLESS TUBE CORP. | ) | |
| Defendants. | ) | |

## **OPINION**

**CONTI, Chief District Judge.**

### I. Introduction

The present action was filed on October 19, 2015. The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Local Rules of Court 72.C and 72.D.

On March 7, 2016, defendant PTC Group Holdings Corp. ("PTC") filed a motion to dismiss with prejudice counts II-VIII of the amended complaint [ECF No. 37] filed by plaintiff CMC GH Sisak D.O.O.'s ("CMC"), under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The magistrate judge's Report and Recommendation [ECF No. 45] filed May 19, 2016 recommended that PTC's motion be granted in part and denied in part and that leave be granted to amend. Service of the Report and Recommendation was made on all parties. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2 they had fourteen days to file any written objections.

## II. PTC's objections to the Report and Recommendation

### A. PTC's objections to the Report and Recommendation with respect to counts III-VIII

PTC timely filed objections on June 6, 2016 [ECF No. 46] to which CMC timely responded on June 10, 2016 [ECF No. 47]. PTC's objections to the recommendations with respect to counts III through VIII are without merit and are overruled as the Report and Recommendation with respect to the issues raised in those objections is not clearly erroneous or contrary to law.

### B. PTC's objections to the Report and Recommendation with respect to count II

The magistrate judge recommended[1] that the court deny PTC's motion to dismiss with respect to count II[2] for piercing the corporate veil. [ECF No. 45 at 15-17.] PTC in its objections to the Report and Recommendation argues that CMC's allegations with respect to PTC being an alter ego of Seamless are conclusory, and, therefore, CMC did not set forth factual allegations sufficient to plausibly show that Seamless is an alter ego of PTC. [ECF No. 46 at 9.] The court agrees with PTC that count II of the amended complaint should be dismissed because CMC did not set forth factual allegations sufficient to plausibly show that at any time relevant to the claims asserted in the amended complaint Seamless acted as an alter ego of PTC, which warrants piercing of the corporate veil in this case. The Report and Recommendation will not be adopted with respect to that issue.

---

[1] The magistrate judge also recommended that CMC be granted leave to amend to name PTC as a defendant in the heading of count II. [ECF No. 45 at 15.] Because the court rejects the recommendation that the court deny the motion to dismiss count II for piercing of the corporate veil, CMC's request for leave to amend to add PTC to the heading of count II is moot.

[2] Allegations with respect to piercing the corporate veil of a defendant are better suited in the body of the amended complaint because "piercing the corporate veil" it is not a "proper independent cause[] of action." S & G Petroleum Co. v. Brice Capital Corp., Civ. Action No. 92-5078, 1993 WL 22182, at *3 (E.D. Pa. Jan. 26, 1993).

Under the Court of Appeals for the Third Circuit's alter ego test, a parent company's derivative liability is determined in light of eight non-exclusive factors: (i) its subsidiary's gross undercapitalization for its purpose, (ii) failure to observe corporate formalities; (iii) nonpayment of dividends; (iv) the insolvency of the subsidiary; (v) siphoning of funds of the corporation by the dominant stockholder; (vi) nonfunctioning of other officers or directors; (vii) absence of corporate records; and (viii) whether the corporation is merely a facade for the operations of the dominant stockholder or stockholders. United States v. Pisani, 646 F.2d 83, 88 (3d Cir.1981). The situation "must present an element of injustice or fundamental unfairness, but a number of these factors can be sufficient to show such unfairness." Id. No single factor is dispositive; rather, a determination on veil-piercing is to be made based on the totality of the circumstances. Id. Piercing the corporate veil "does not require proof of actual fraud." Trustees of Nat. Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk, 332 F.3d 188, 194 (3d Cir. 2003). The alter ego theory, however, "has elements of fraud theory, [so] it too must be shown by clear and convincing evidence." Id. at 192.

CMC in the amended complaint sets for the following allegations with respect to count II for piercing of the corporate veil:

- PTC and Seamless are both corporations organized under the laws of Delaware and share corporate offices [ECF No. 33 ¶¶ 3, 4];

- Seamless "is a wholly owned subsidiary of PTC" [Id. ¶ 4];

- "PTC lied to Plaintiff and induced Plaintiff to do business with Seamless under certain terms and conditions that PTC knew Seamless could not and would not fulfill" [Id. ¶ 7];

- "PTC caused Seamless to enter into a Purchase Agreement with Plaintiff" [Id. ¶ 8];

- "the negotiations and other business dealings between Plaintiff and seamless were really under the control and at the direction of PTC; any promises and actions undertaken by Seamless were really being directed and/or were really undertaken by

PTC. Indeed, Plaintiff was relying on representations and was induced to act based upon representations and promises actually made by PTC and/or at PTC's direction, including PTC's promise to pay amounts due and owing under the Purchase Agreement and the Side Agreement" [Id. ¶ 9];

- "PTC promised, i.e., guaranteed, to pay the amounts due and owing to Plaintiff under the agreements" [Id. ¶ 24];

- "PTC used Seamless and PTC's control over the deal to defraud Plaintiff" [Id.];

- "PTC, and *not* Seamless, paid Plaintiff the remaining USD $332,500.00 owed on the purchase price of the assets" [Id. ¶ 25];

- "on letterhead purporting to be from the entire PTC Group, which upon information and belief includes PTC, General Counsel for PTC (and Seamless), David Sargent, responded to Plaintiff's June 13, 2014 correspondence" [Id. ¶ 26];

- "Sargent acknowledged quite clearly that '*PTC's obligation* to make payment'" [Id. ¶ 27];

- "Sargent also acknowledged…'PTC will then have 30 days to pay' CMC'" [Id. ¶ 28];

- "Sargent is, and was…General Counsel for PTC (as well as for Seamless)" [Id. ¶ 29];

- "Sargent intended to, and in fact did, create the impression that PTC would assume primary responsibility for, and/or would guarantee, the outstanding amount of…liability" [Id. ¶ 31];

- "PTC knew Seamless could and would never actually pay" the liability in issue [Id. ¶ 34]; and

- "Seamless was recently dismissed as a debtor in a chapter 11 proceeding" in bankruptcy court, "which is further proof that Seamless was merely a tool that PTC used to manipulate and intentionally damages Plaintiff to enrich itself at Plaintiff's expense and that Seamless was grossly undercapitalized when it conducted business with CMC" [Id. ¶ 44.]

An analysis of CMC's allegations and the eight non-exclusive factors set forth by the court of appeals shows that CMC did not set forth factual allegations sufficient to support a plausible showing that the corporate veil should be pierced in this case.

1. **Its subsidiary's gross undercapitalization for its purpose; insolvency of the subsidiary**

CMC alleges that the filing for bankruptcy relief by Seamless in 2015 is evidence of Seamless's gross undercapitalization in this case. [ECF No. 33 ¶ 44.] CMC also alleges that PTC knew Seamless could not fulfill its obligations under the Purchase Agreement. [Id. ¶¶ 7, 34.] CMC does not allege, however, that Seamless was insolvent or grossly undercapitalized in 2012 when it entered into the Purchase Agreement with CMC; rather CMC alleges that prior to June 13, 2014, Seamless—and not PTC—paid CMC $6,317,500 out of the $6,650,000 Seamless allegedly owed CMC for the purchase price of the assets. [ECF No. 33 ¶¶ 19, 21.] Under those circumstances, CMC did not set forth factual allegations sufficient to plausibly show that Seamless was grossly undercapitalized in 2012 when it entered into the Purchase Agreement with CMC. In re S. Textile Knitters, Inc., Civ. Action No. 98-07203, 2000 WL 33709685, at *25 (D.S.C. Jul. 27, 2000) (declining to find that the evidence showed the defendant was grossly undercapitalized despite its current bankruptcy proceedings because the evidence showed the defendant was profitable for ten years prior to the events in issue); Fluker v. Kenney's Franchise Corp., Civ. Action No. 77-0034, 1989 WL 91132, at *6 (W.D. Va. Mar. 28, 1989) (holding that a finding of gross undercapitalization was unwarranted despite the defendant filing for bankruptcy because there was evidence that the defendant was profitable prior to the bankruptcy proceedings and during the time in which the plaintiff complained about the defendant's actions).

2. **Failure to observe corporate formalities; nonpayment of dividends; siphoning of funds of the corporation by the dominant stockholder; nonfunctioning of other officers or directors; absence of corporate records**

CMC does not set forth any factual allegations to plausibly show that any of these factors supports piercing of Seamless' corporate veil, i.e., Seamless was an alter ego of PTC at any time relevant to the claims asserted in this case.

3. **Whether the corporation is merely a facade for the operations of the dominant stockholder or stockholders**

CMC alleges that Seamless was the wholly owned subsidiary of PTC and PTC directed the actions of Seamless. Those allegations, however, do not plausibly show that Seamless was acting as an alter ego of PTC at any time relevant to the claims asserted by CMC. Allegations of ownership without more, i.e., additional well-pled factual allegations about, among other things, Seamless' failure to follow corporate formalities or the siphoning of funds from Seamless to PTC, are not sufficient to plausibly show that Seamless acted as an alter ego of PTC. Hyjurick v. Commonwealth Land Title Ins. Co., Civ. Action No. 11-1282, 2012 WL 1463633, at *4 (M.D. Pa. Apr. 27, 2012) (recognizing that "a plaintiff who seeks to pierce the corporate veil of a wholly owned subsidiary corporation must allege some facts beyond mere evidence of ownership to support such an action against the parent company."). The allegation that PTC directed Seamless' actions is conclusory and cannot support a showing of plausibility.

**4. Conclusion with respect to CMC's allegations about piercing the corporate veil**

Based upon the foregoing analysis, CMC did not set forth factual allegations sufficient to plausibly show that Seamless acted as an alter ego of PTC during any time relevant to the claims set forth in the amended complaint, and, therefore, Seamless' corporate veil should be pierced and PTC held liable for the acts of Seamless. The court does not adopt the magistrate judge's report and recommendation with respect to count II, which will be dismissed without prejudice from the amended complaint. CMC may file an amended complaint to add allegations sufficient to support the plausibility of Seamless being the alter ego of PTC.

**III. Failure to show cause**

On May 16, 2016, the magistrate judge issued an Order to Show Cause [ECF No. 44] why it should not be recommended that judgment be entered against Defendant PTC Seamless Tube Corp, f/k/a PTC Alliance Pipe Acquisition LLC for failure to answer. The response to the

Show Cause order was due June 6, 2016. No Response has been filed. Judgment will, therefore, be entered in favor of CMC and against Seamless for failure to answer.

## IV. Conclusion

For the reasons set forth in this opinion:

- the motion to dismiss counts II through VIII of the Amended Complaint will be granted without prejudice with respect to count II for piercing of the corporate veil and count III and denied in all other respects;

- within fourteen days of this opinion and accompanying order, CMC may file curative or substantive amendments with respect to the alter ego theory and count III of the amended complaint;

- the Report and Recommendation of the magistrate judge is adopted as the opinion of the district court in all respects except for the recommendations that the motion to dismiss be denied with respect to count II for piercing of the corporate veil and giving leave to CMC to amend count II to add PTC to the heading of that count; and

- Judgment will be entered in favor of CMC and against Seamless for failure to respond to the magistrate judge's order to show cause.

An appropriate order will be entered.

By the court,

Dated: September 20, 2016

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Court Judge

cc: The Honorable Robert C. Mitchell
record counsel